BRUNOT, J.
 

 This is a suit for the rescission of a contract of sale of certain real estate, stock and fixtures, and for the recovery of $900 deposited by the plaintiff, as a part of the purchase price of the property. The money was deposited with Anthony Manisc-alco’s' agent, who, upon demand, refused to return it to the plaintiff, and he was therefore made a defendant in the suit.
 

 There was judgment in the civil district court in favor of the plaintiff and against the defendant Anthony Maniscalco canceling the agreement of sale, and further judgment against both defendants ordering them to return to the plaintiff the $900 deposited by him as a part of the purchase price of the property, with interest thereon at the rate of 5 per cent, per annum from October 11, 1929, and for costs. Both defendants appealed from the judgment.
 

 The record discloses that the defendant Anthony Manisc-alco contracted to sell to the plaintiff an oil station, including the stock and fixtures and the site occupied by it. Certain stock and fixtures included in the contract, consisting of tanks, pumps, and equipment, necessary to the operation of the station, are admittedly the property of the Texas Oil Company, and Anthony Maniscalco was unable to deliver this property to the plaintiff. We assume it was for this reason that the learned trial judge, who did not hand down a written opinion, rescinded the contract of sale.
 

 The defendants filed a joint answer to the suit. No reconventional demand is set uj> in the answer, but the defendants pray, in re-convention, for judgment against the plaintiff for $400 for alleged commission earned
 
 *529
 
 by the agent of the principal defendant for negotiating the contract of sale. This demand was not passed upon by the trial judge, doubtless, for the reason that it was not pleaded in the answer.
 

 We have read the record in this case, including the record - in "In re: Liquidation of Partnership, A. Maniscalco and It. Hippler," flied in evidence, and we are convinced that the contract of sale failed of consummation through no fault of the plaintiff, but solely because the defendant Anthony Maniscalco contracted to sell property that did not belong to him, and which he was unable to deUver to the plaintiff.
 

 The written contract, except as to the clause relating to the commissions, is not ambiguous. It reflects the true intent of the parties to it. It is not subject to modification or change by oral testimony, and as the parties contract, if the contract be not ultra vires, so are they bound. 0. 0. art. 2276; It. 0. L. vol. 10 p. 1033.
 

 The clause in the agreement of sale relative to the commission to be paid, as it appears on page 6 ~f the transcript, is as follows:
 

 "In case I fail to comply with the above offer if accepted I agree to pay to J. Hy. ]3lache a commission of $ per cent, and all fees and costs incurred in enforcing collection. In case I do not comply with this offer, vendor is to pay the commission of 4 per cent." etc.
 

 It is needless to try to interpret this clause of the contract of sale, for we have found that the plaintiff was not legally chargeable with any violation of the cony tract, and therefore incurred no liability to pay a conimission.
 

 Fiiiding no error in the judgment appealed from, it is affirmed at appellants' cost.
 

 O'NIELL, 0. J., absent.